476 F.3d 934
 Lakhdar BOUMEDIENE, Detainee, Camp Delta, et al., Appellants
v.
George W. BUSH, President of the United States, et al., Appellees.
Khaled A.F. Al Odah, Next Friend of Fawzi Khalid Abdullah Fahad Al Odah et al., Appellants
v.
United States of America, et al., Appellees.
 No. 05-5062.
 No. 05-5063.
 No. 05-5064.
 No. 05-5095.
 United States Court of Appeals, District of Columbia Circuit.
 December 29, 2006.
 
 Appeals from the United States District Court for the District of Columbia (No. 04cv01142), (No. 04cv01166), (No. 02cv00828), (No. 02cv00299), (No. 02cv01130), (No. 02cv01135), (No. 02cv01136), (No. 02cv01137), (No. 02cv01144), (No. 02cv01164), (No. 02cv01194), (No. 02cv01227), (No. 02cv01254).
 Louis Richard Cohen, Wilmer Cutler Pickering Hale & Dorr LLP, Julia C. Symon, Clifford Chance U.S. LLP, David J. Cynamon, Matthew Jeffrey MacLean, Osman Ahmad Handoo, Pillsbury Winthrop Shaw Pittman, LLP, Neil H. Koslowe, Thomas B. Wilner, Shearman & Sterling, Washington, DC, Douglas Frank Curtis, Wilmer Cutler Pickering Hale & Dorr LLP, Wesley Railey Powell, Hunton & Williams LLP, Christopher Land, DLA Piper Rudnick Gray Cary U.S. LLP, New York, NY, Stephen H. Oleskey, Mark Christopher Fleming, Robert Clifford Kirsch, Wilmer Cutler Pickering Hale & Dorr LLP, Boston, MA, for Appellants.
 Eric David Miller, Federal Communications Commission, Robert Mark Loeb, Douglas N. Letter, Litigation Counsel, Catherine Y. Hancock, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Paul D. Clement, U.S. Department of Justice, (DOJ) Office of the Solicitor General, Peter Douglas Keisler, Gregory George Katsas, U.S. Department of Justice, (DOJ) Office of the Deputy Atty. Gen., Kenneth L. Wainstein, Assistant Attorney General, U.S. Department of Justice (USA). National Security Division, Washington, DC, Appellees.
 James F. Fitzpatrick, Arnold & Porter LLP, Eugene Roy Fidell, Feldesman Tucker Leifer Fidell LLP, David O. Stewart, Ropes & Gray LLP, Morton H. Sklar, World Organization for Human Rights USA, Washington, DC, Jonathan Lewis Hafetz, New York University School of Law, Ronald William Meister, Cowan, Liebowitz & Latman, PC, New York, NY, Amicus Curiae for Appellant.
 Before: SENTELLE, RANDOLPH, and ROGERS*, Circuit Judges.
 
 ORDER
 
 PER CURIAM.
 
 
 1
 Upon consideration of the unopposed motion of retired federal jurists for leave to file brief amici curiae in support of petitioners regarding the Military Commissions Act of 2006, and the lodged brief, it is
 
 
 2
 ORDERED that the motion for leave to file be denied. See Advisory Opinion No. 72, Committee on Codes of Conduct, Judicial Conference of the United States ("Judges should insure that the title `judge' is not used in the courtroom or in papers involved in litigation before them to designate a former judge, unless the designation is necessary to describe accurately a person's status at a time pertinent to the lawsuit.").
 
 
 3
 The Clerk is directed to return to movant-amici curiae the lodged brief.
 
 
 
 Notes:
 
 
 *
 Circuit Judge Rogers would grant the motion for leave to file brief amici curiae for the reasons set forth in the statement accompanying this order
 
 
 ROGERS, Circuit Judge:
 
 4
 For the following reasons, I would grant the "Unopposed Motion of Retired Federal Jurists for Leave To File a Brief as Amici Curiae in Support of Petitioners Regarding the Military Commissions Act of 2006." Federal Rule of Appellate Procedure 29(a) provides that "[a]ny [non-governmental] amicus curiae may file a brief only by leave of court or if the brief states that all parties have consented to its filing." (emphasis added); accord D.C.CIR. R. 29(b). The unopposed motion for leave to file states (at pages 1-2) that counsel for both sides have consented to the filing of this amicus brief. Federal Rule 29(b) further provides that "[t]he motion must be accompanied by the proposed brief and state: (1) the movant's interest; and (2) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." The unopposed motion states (at page 2) that:
 
 
 5
 Amici are retired federal judges who have dedicated their professional careers to our judicial system. The issue presented by these consolidated cases challenges the integrity of that system: may this Court sanction life-long detention in the face of credible allegations that the evidence upon which the detention is based was secured by torture?
 
 
 6
 This is a sufficient statement of interest and reason. Advisory Opinion No. 72[1] of the U.S. Judicial Conference Committee on Codes of Conduct, which addresses the situation when a former judge appears as counsel, does not instruct that granting the motion would create an appearance of partiality or otherwise implicate the Canons on Judicial Conduct. Amici former federal judges are represented by private counsel. Briefs by former judges and other such amici can be of assistance to the courts. See, e.g., Hamdan v. Rumsfeld, ___ U.S. ___, 126 S.Ct. 1317, 164 L.Ed.2d 45 (2006) (mem.); United States v. Booker, 543 U.S. 220, 226 note, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The federal rule and this court's practice (including in the instant cases) of accepting amici briefs present every reason to allow the retired judges, no less than law professors, public interest groups and associations, retired members of the military, scientists, and other interested persons, to file an amici brief. See, e.g., Steffan v. Perry, 41 F.3d 677 (D.C.Cir. 1994) (en banc). Indeed, denying the unopposed motion for leave to file may itself create an appearance of partiality. As then-Judge Alito observed in granting a motion for leave to file an amicus curiae brief without the consent of the parties:
 
 
 7
 A restrictive policy with respect to granting leave to file may also create at least the perception of viewpoint discrimination. Unless a court follows a policy of either granting or denying motions for leave to file in virtually all cases, instances of seemingly disparate treatment are predictable. A restrictive policy may also convey an unfortunate message about the openness of the court.
 
 
 8
 Neonatology Assocs., P.A. v. Comm'r, 293 F.3d 128, 133 (3d Cir.2002).
 
 
 
 Notes:
 
 
 [1]
 Advisory Opinion No. 72 of the U.S. Judicial Conference Committee on Codes of Conduct states in full:
 A judge has inquired respecting use of the title "judge" by former judges who have returned to the practice of law and whether sitting judges have any ethical responsibilities relating to such use.
 Historically, former judges have been addressed as "judge" as a matter of courtesy. Until recently there have been very few former federal judges. With federal judges returning to the practice of law in increasing numbers, ethical considerations are implicated. The prospect of former federal judges actively practicing in federal courts raises what otherwise might be an academic question into a matter of practical significance.
 A litigant whose lawyer is called "Mr.," and whose adversary's lawyer is called "Judge," may reasonably lose a degree of confidence in the integrity and impartiality of the judiciary. Moreover, application of the same title to advocates and to the presiding judicial officer can tend to demean the court as an institution. Judges should ensure that the title "judge" is not used in the courtroom or in papers involved in litigation before them to designate a former judge, unless the designation is necessary to describe accurately a person's status at a time pertinent to the lawsuit.
 February 2, 1982
 Reviewed January 16, 1998